IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TAMEKA S. MINOR, | § § § | |
| *Plaintiff,* | § § | SA-19-CV-00946-XR |
| vs. | § § § | |
| CHILD PROTECTIVE AGENCY, MARQUETA LNU, CASE WORKER; ASHLEY BRADFORD, SUPERVISOR; MANAGER, CHILD PROTECTIVE AGENCY; AND HEAD OF CORPORATION, CHILD PROTECTIVE AGENCY; | § § § § § § § § § | |
| *Defendants.* | § | |

## **ORDER**

Before the Court in the above-styled cause of action are Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint, filed August 6, 2019 [#1]. The motions were automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By her motion, Plaintiff seeks leave to proceed in forma pauperis ("IFP") based on her inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP but order Plaintiff to file a more definite statement before ordering service on Defendants.

## **I. Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

1

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes her income and asset information, which indicates that Plaintiff receives approximately $500 per month in income, as well as disability payments, but has no savings or assets.  She also makes monthly payments to the IRS in the amount of $200.  The information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant the motion to proceed IFP.

## II.  More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's Complaint sues the Child Protective Agency and various individuals who work at the Agency as manager, supervisor, and case worker.  (Compl. [#1-1].)  Plaintiff alleges that Defendants wrongfully accused her of abusing her children and removed her children from the home without legal basis.  Plaintiff's Complaint states that Defendants engaged in an illegal abduction and kidnapping of her children and asserts claims for a violation of due process pursuant to 42 U.S.C. § 1983.  (Compl. [#1-1].)  Plaintiff seeks an order returning her children to her care and custody

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[2] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous, but is not required to screen non-prisoner cases for frivolousness at the outset. In contrast, when an IFP case is filed by a prisoner, the court is required to screen a complaint for frivolousness prior to docketing or as soon as possible. *See* 28 U.S.C. § 1915A(a).

and $2,000,000 in damages for the emotional suffering the actions of Defendants have caused her.

The Court construes Plaintiff's Complaint as a suit against the Texas Department of Family and Protective Services' Child Protective Services Department ("DFPS"), as this is the legal entity responsible for investigations into child abuse and neglect and the placement of children into foster care. Moreover, the San Antonio office of DFPS is located at the address listed for the named Defendants in Plaintiff's Complaint. *See* DFPS Office Locations for Region 8—San Antonio, available at https://www.dfps.state.tx.us/Contact_Us/locations.asp?r=8 (last visited August 9, 2019).

Having reviewed Plaintiff's Complaint, the Court has identified several issues with her allegations, which may be complete bars to her claims. First, Plaintiff's Complaint does not specify whether she is suing the individual DFPS employees in their official or individual capacities. DFPS is a state agency that enjoys immunity from suit in this federal court under the Eleventh Amendment to the United States Constitution. *See Valdez v. Tex. Dep't of Fam. Protec. Servs.*, No. 5:14-1056-RCL, 2015 WL 4395404, at *6 (W.D. Tex. July 15, 2015) ("As a state agency, the TDFPS is entitled to Eleventh Amendment immunity from [Plaintiff's] claims."). This means that the State of Texas and its agencies, such as DFPS, cannot be sued as a defendant in a federal-court action unless the state consents to suit. *See* U.S. Const. amend. XI; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Texas has not waived its immunity from suit as to DFPS, meaning it has not made an exception from the State of Texas's general Eleventh Amendment immunity to allow suits against DFPS in federal court. *See Valdez*, 2015 WL 4395404, at *2 (noting that Texas has not waived immunity as to the TDFPS). The Eleventh Amendment's reach also extends to suits against a state agency or state official in

his or her official capacity. *Clay v. Tex. Women's Univ.*, 728 F.2d 714, 715–16 (5th Cir. 1984). Accordingly, Plaintiff's claims fail insofar as she is suing DFPS as a state agency and the other Defendants in their official capacities.

Plaintiff may assert claims under Section 1983 against the individual Defendants in their individual capacities, but to do so she must allege specific facts as to the acts taken by each Defendant that would subject them to liability for the constitutional deprivation at issue. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). Plaintiff's Complaint as currently drafted fails to do so.

Finally, and most importantly, the Court is unable to decipher from Plaintiff's Complaint whether DFPS removed her children with or without a hearing; whether there have been any state-court proceedings on the legal status of Plaintiff's custody over her children or other administrative processes; and, if so, whether those proceedings are final. Under the *Rooker-Feldman* doctrine, an individual may not file a civil rights suit in federal court to collaterally attack a state civil judgment. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). The *Rooker-Feldman* doctrine establishes that a federal court lacks subject matter jurisdiction when issues in federal court are "inextricably intertwined" with a final state court judgment. *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995). The Supreme Court has cautioned that the doctrine is to be narrowly confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). If there has been a state-court judgment against Plaintiff, her claims are likely barred by *Rooker-Feldman*. *See McCullough v. Tex. Dep't of Family & Protective Servs.*, No. CV H-17-83, 2017 WL 3129982, at *3–4 (S.D. Tex. May 31,

2017), *report and recommendation adopted*, No. CV H-17-0083, 2017 WL 3129810 (S.D. Tex. July 21, 2017).

Accordingly, the Court will order Plaintiff to file a more definite statement within 21 days of this Order to clarify her allegations against Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [#1-1] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff. However, service upon Defendants should be withheld pending this Court's review under § 1915(e).

**IT IS FURTHER ORDERED** that **within 21 days of this Order**, Plaintiff shall file a **More Definite Statement** of the claims she seeks to present to this Court. In this More Definite Statement, Plaintiff should respond to the following questions:

(1) Please list each individual Defendant you are suing (Marqueta, Ashley, and "Manager"). What specific actions did each of these Defendants take with respect to the removal of your children?

(2) When were your children removed?

(3) Have there been any hearings of any kind regarding the removal? If so, when did they occur and before what agency or in what court?

(4) Was there a state lawsuit regarding the removal of your children? If so, is the state court lawsuit over?

Plaintiff shall attach to her more definite statement any state court documents or orders pertaining to the removal of her children and include the following declaration at the end of her more definite statement:

> I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.
>
> Executed on this day of 2019.
>
> _____
> Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement, he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

SIGNED this 12th day of August, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE