IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TAMEKA S. MINOR, | § § § | |
| *Plaintiff*, | § § | SA-19-CV-00946-XR |
| vs. | § § | |
| CHILD PROTECTIVE AGENCY, MARQUETA LNU, CASE WORKER; ASHLEY BRADFORD, SUPERVISOR; MANAGER, CHILD PROTECTIVE AGENCY; AND HEAD OF CORPORATION, CHILD PROTECTIVE AGENCY; | § § § § § § § § | |
| *Defendants.* | § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns the above-styled cause of action. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's *pro se* Complaint for Violation of Civil Rights [#4] be dismissed for failure to prosecute.

## I. Background

Plaintiff initiated this case on August 6, 2019 by filing a motion to proceed *in forma pauperis* ("IFP") based on an inability to afford court fees and costs [#1]. The Court granted the motion on August 12, 2019 and engaged in an initial screening of Plaintiff's proposed Complaint

1

pursuant to 28 U.S.C. § 1915(e) to determine whether to order service of the Complaint on Defendants [#3].

Plaintiff's Complaint sues the Child Protective Agency and various individuals who work at the Agency as manager, supervisor, and case worker. (Compl. [#1-1].) Plaintiff alleges that Defendants wrongfully accused her of abusing her children and removed her children from the home without legal basis. Plaintiff's Complaint states that Defendants engaged in an illegal abduction and kidnapping of her children and asserts claims for a violation of due process pursuant to 42 U.S.C. § 1983. (Compl. [#1-1].) Plaintiff seeks an order returning her children to her care and custody and $2,000,000 in damages for the emotional suffering the actions of Defendants have caused her.

In its screening order, the Court identified several deficiencies in Plaintiff's Complaint, which could be complete bars to her claims. (*See* Order [#3] at 2–5.) Accordingly, the Court ordered Plaintiff to file a more definite statement within 21 days or on or before September 2, 2019 to clarify her allegations against Defendants. The Court listed specific questions for Plaintiff to answer regarding her allegations. (*See id.* at 5.) The Court also warned Plaintiff that a failure to comply with the Order could result in the dismissal of her claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

To date, Plaintiff has not filed the ordered more definite statement or any other filing in response to the Court's Order. Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). In light of Plaintiff's failure to respond to this Court's ordered more definite statement, the undersigned will recommend that the District Court dismiss Plaintiff's Complaint for failure to prosecute.

## II. Conclusion and Recommendation

Having considered Plaintiff's Complaint, the deficiencies identified therein, the Court's Order for a more definite statement, and Plaintiff's failure to respond, the undersigned recommends that Plaintiff's Complaint be **DISMISSED** for failure to prosecute pursuant to Rule 41(b).

## III. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 23rd day of September, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE